## Staunton.

## BARLEY'S EX'OR v. LAYMAN'S ADM'R.

### October 7, 1884.

1. ASSIGNOR AND ASSIGNEE—*Recourse—Recovery.*—In absence of proof of consideration for assignment, it must be presumed to have been the value of the thing assigned, and such value measures the recovery on recourse.

2. IDEM—*Case at Bar.*—Prior to 21st August, 1865, J. assigned for an unknown consideration to L. a bond of A. for $451, dated 7th August, 1862. On suit, the bond was scaled to $78.83, which was collected. In 1870, J. conveyed to W. land on condition that he pay certain debts of J., including "claim due L.'s estate, to the amount of $500, *should so much be due thereto.*" Testimony showed that said claim originated out of said assignment. On bill by L.'s administrator to enforce this charge on W.'s land—

HELD:

  The claim due L.'s estate amounted to $78.83, which, having been paid, the bill should be dismissed.

Appeal from decree of circuit court of Rockingham county, rendered 22d February, 1883, in the chancery cause of S. R. Allebaugh, administrator of Adam Layman, deceased, against Henry H. Downing, executor of Jacob Barley, deceased, and Ann V. Barley, Wm. H. Barley and Lewis C. Barley, the only children, heirs and devisees of Wm. H. Barley, deceased. The object of the suit was to enforce a charge for the payment to the complainant of $500, with interest from 2d November, 1871, till paid, on land conveyed 2d November, 1870, by Jacob Barley, then living, to William H. Barley, then also living, on con-

dition that the latter pay certain debts of the former, including "a claim due the estate of Adam Layman to the amount of $500, should so much be due thereto, on or before September, 1871," which land was in the hands of said devisees.

The origin of the claim was the assignment by Jacob Barley, sometime before 21st August, 1865, of a bond of A. H. Brewer, dated 7th August, 1862, for $451. The consideration for the assignment was unknown. In November, 1867, Layman, having sued Brewer as on the bond, got judgment for $78.83, its scaled value, and collected the same.

At the hearing of this cause, the circuit court decreed that the administrator of Layman recover of the executor of William H. Barley the sum of $842, with interest on $500 from 25th January, 1883, till paid, and his costs; and that in default of the payment thereof within a stated period, the said land be sold. From this decree William H. Barley's executor appealed.

*Holmes Conrad* and *J. E. Roller*, for the appellant.

*G. W. Berlin*, for the appellee.

LACY, J., delivered the opinion of the court:

In December, 1881, the appellee instituted this suit against the appellant, alleging that on the 2d day of November, 1870, Jacob Barley, who was the father of the appellant's testator, William H. Barley, being indebted to Adam Layman in the sum of $500, conveyed a tract of land to the said William upon condition that he should pay this debt, on or before the 1st day of September, 1871, and retained a lien upon said farm to secure the said debt, and that the said William had never paid this debt, and praying that the said land might be sold to pay the same. The appellant answered that the deed set forth that the debt of $500 should be paid "if so much should be due;" that there was no ascertainment of the debt in the deed to be of any

particular amount, but that the same had been paid by Jacob W. Layman, and that Jacob had in 1876, by deed, released the lien of the deed of 1871. Both deeds are filed in the record. And that on the 29th of May, 1876, the said Jacob Barley and William Barley, in a writing duly signed, sealed, attested and filed as an exhibit, made a final adjustment and settlement of all the business matters existing between them to that date.

That the amount of the debt between Jacob and Layman having been ascertained between them, it was paid by mutual agreement by the assignment by Jacob to Layman of a bond due by A. H. Brewer to Jacob for $451, which was accepted by Layman, and suit brought on it at the November term, 1867, when the debt was scaled and the judgment obtained for its value as $78.83, which judgment is also filed. That the court referred the matter to a commissioner for an account which was taken; and the commissioner, taking the assignment as a basis, reported an unpaid debt of $451, which he credited with the judgment aforesaid, and reported a balance due Barley's executor to Layman's administrator of $842, which report the court approved, and decreed a sale of the land, from which decree Barley's executor appealed.

It may be said that there is no proof whatever of the amount of this debt, except the assignment of the Brewer bond of $451, which, if it proved the amount of the debt, proved with equal clearness its payment.

The fact that the judgment rendered on it was only $78.83, was a definite ascertainment of its value in current money, which settles that question.

The commissioner's report is based upon the assumption that the deed secured a debt of $500, and as more than $500 remained after deducting the judgment from $450, with interest, he reports a debt of $500, with interest, making $842. But the deed, as has been said, did not ascertain a debt of $500, nor, indeed, of any amount, but secured the debt of $500, if so much was due, leaving the amount of the debt to be otherwise ascertained and

proved.   It is not otherwise ascertained and proved than by the assignment of the Brewer bond, and that transaction paid as much as it ascertained, for if the basis of the bond was Confederate money, it must be presumed that the contracting parties knew that, the bond being dated August 7th, 1862.   The report of the commissioner is unsupported by the evidence, and the decree confirming the same and decreeing a sale of the land to pay the said debt is erroneous, and should be reversed and annulled, and the bill of the plaintiff dismissed.

DECREE REVERSED.